

Opinions of the United
States Court of Appeals
for the Third Circuit

11-19-2002

# USA v. Sanchez

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4040

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Sanchez" (2002). *2002 Decisions.* Paper 757.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/757

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-4040

UNITED STATES OF AMERICA

v.

AGUEDO DEJESUS SANCHEZ,
                                                        Appellant

Appeal from the District Court
of the Virgin Islands
(D.C. Criminal No. 00-cr-00645-2)
District Judge: Honorable Thomas K. Moore

Submitted Under Third Circuit LAR 34.1(a)
on November 15, 2002

Before: SCIRICA, ALITO and RENDELL, Circuit Judges

(Filed          November 19, 2002          )

OPINION OF THE COURT

RENDELL, Circuit Judge.

This appeal arises out of an indictment against Sanchez and two co-defendants

charging a drug conspiracy. All three co-defendants pled guilty. Sanchez's counsel has

filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), identifying but finding

wholly meritless possible challenges to Sanchez's guilty plea and the District Court's

refusal to downward depart on Sanchez's sentence for minor role, pursuant to U.S.S.G. §3B1.2 (2002), and the "safety valve," 18 U.S.C. §2553(f) (2002). Sanchez has filed an informal brief appealing his sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), claiming that the District Court imposed a penalty beyond the prescribed statutory maximum and arguing that he was given ineffective assistance of counsel because his counsel did not raise the Apprendi issue at sentencing or on appeal. Because Sanchez's counsel faithfully met the requirements of Anders, and we find upon independent review that this appeal lacks merit, we will grant counsel's motion to withdraw and dismiss the appeal.

In September 2000, Special Agent Hilary Hodge of the United States Customs Service observed a boat departing St. Thomas, Virgin Islands with two people on board, later identified as Sanchez and Miguel Angel Montero-Baez. Sanchez appeared to be directing Montero-Baez where to go and also aided Montero-Baez in restarting the vessel after the engine stalled. Law enforcement agents aboard a U.S. Customs aircraft later saw Sanchez, Montero-Baez, and Julio Moncado-Polomo in the boat throwing bales of cocaine overboard. At the time of his arrest, Sanchez had several telephone numbers in his possession that matched those in Moncado-Polomo's possession. Sanchez was indicted for conspiracy to possess with intent to distribute and possession with intent to distribute more than five kilograms of cocaine. He pled guilty to the conspiracy charge, and was sentenced to 210 months imprisonment, a term of five years supervised release, and ordered to pay a $100 special assessment.

The District Court of the Virgin Islands had jurisdiction pursuant to 18 U.S.C. §3231 (2002). We exercise jurisdiction over the District Court's final order pursuant to 28 U.S.C. §1291 (2002). We review the District Court's findings of fact for clear error, United States v. Isaza-Zapata, 148 F.3d 236, 238 (3d Cir. 1998), and exercise plenary review over its rulings on matters of law. United States v. Queensborough, 227 F.3d 149, 156 (3d Cir. 2000). Finally, we review Sanchez's counsel's Anders brief for a conscientious examination of possible appealable issues, and conduct an independent review to determine whether there are any issues of merit. Anders, 386 U.S. at 744.

We conclude that Sanchez's counsel did conscientiously examine the record, including in her brief four conceivably appealable issues. All are without merit. First, she argues that Sanchez might move to withdraw his guilty plea under Federal Rule of Criminal Procedure 32(e), which allows for withdrawal for "any fair and just reason." We look to three factors in evaluating such a motion to withdraw: "(1) whether the defendant asserts his innocence; (2) whether the government would be prejudiced by his withdrawal; and (3) the strength of the defendant's reason to withdraw the plea." United States v. Huff, 873 F.2d 709, 712 (3d Cir. 1989). Sanchez has never asserted his innocence, therefore this argument is wholly meritless.

Second, Sanchez's counsel argues that Sanchez might challenge his guilty plea on the grounds that the government breached the agreement. The government has an obligation to strictly adhere to the terms of a plea bargain. Queensborough, 227 F.3d at 156. Here, the government agreed to recommend a reduction of two levels for acceptance of

responsibility and an additional reduction of one level for "extraordinary acceptance of responsibility." See U.S.S.G. §§ 3E1.1(a) and (b). The government did so. The government retained the right to allocute at sentencing, and specifically refused Sanchez's request that it provide recommendations regarding downward departures for minor role or under the safety valve. The government's opposition to these latter downward departure requests therefore did not breach the plea agreement. Queensborough, 227 F.3d at 158.

Third, Sanchez's counsel poses a possible challenge to the District Court's failure to depart downward for Sanchez's minimal or minor role in the offense. U.S.S.G. §3B1.2. In determining whether a defendant was a minimal or minor participant in the crime, a district court must consider the defendant's relative culpability as compared with the other participants. Isaza-Zapata, 148 F.3d at 242. The District Court correctly identified this legal requirement, and did not clearly err in finding that Sanchez's role was "equal to that of the other individual he went out with," namely, Montero-Baez. The District Court relied on the testimony of Special Agent Hodge, who testified that Sanchez directed the vessel upon pursuit by law enforcement agents, assisted in restarting the vessel after it stalled, and had numerous telephone numbers in his possession that matched those in the possession of Montero-Baez. In light of this uncontroverted testimony, the District Court's finding that Sanchez was not a minor participant is not clearly erroneous.

Finally, Sanchez's counsel identifies a possible challenge to the District Court's failure to depart downward under the safety valve provision, 18 U.S.C. §2553(f), which enables a sentencing judge to depart downward if he or she finds that the defendant meets

4

five criteria. The District Court found that Sanchez did not meet prong (5), requiring a defendant to truthfully provide to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan. §2553(f)(5). The Court heard the testimony of Special Agent Hodge, who stated that Sanchez had not been truthful because he lied about his arrival in St. Thomas, refused to identify the phone numbers found in his pockets, and incorrectly identified a co-conspirator. The Court thus relied on specific information regarding Sanchez's untruthfulness. In light of Agent Hodge's uncontroverted testimony, the District Court's finding that Sanchez had not been fully forthcoming with the government is not clearly erroneous.

By conscientiously examining the record and identifying conceivably appealable issues, Sanchez's counsel met the requirements under Anders. We will therefore grant her motion to withdraw.

In an informal brief, Sanchez himself raises two issues: 1) that his sentence was imposed in violation of Apprendi, and 2) that his counsel was ineffective because she failed to raise the Apprendi issue. Neither of these claims has merit.

Under Apprendi, a sentencing judge may not determine facts that increase the penalty for a crime beyond the prescribed statutory maximum. 530 U.S. at 476. However, nothing in Apprendi restricts a judge's ability to exercise his or her discretion in imposing a sentence within the range prescribed by statute. Id. at 481. Sanchez argues that the sentencing judge determined the amount of cocaine attributable to him and then used this

5

fact to arrive at a sentence. This is true. However, in doing so, the judge arrived at a sentence well within the prescribed statutory range.[1] Sanchez's <u>Apprendi</u> challenge therefore has no merit.

Because his <u>Apprendi</u> argument is meritless, Sanchez's claim that his counsel provided ineffective assistance by failing to raise an <u>Apprendi</u> issue must also fail. Sanchez's counsel's failure to raise <u>Apprendi</u> is apparent from the record, therefore we may review Sanchez's ineffective assistance claim on direct appeal. <u>United States v. Headley</u>, 923 F.2d 1079, 1083 (3d Cir. 1991). To prove ineffectiveness of counsel, Sanchez must establish his counsel's performance was deficient, and that this deficiency prejudiced the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). As discussed above, counsel's failure to raise <u>Apprendi</u> was completely reasonable and did not in any way affect the Court's sentencing decision. We therefore find that Sanchez's ineffective assistance claim lacks all merit.

For the foregoing reasons, we will grant Sanchez's counsel's motion to withdraw and

---

[1]Sanchez's sentence of 210 months is well within the guideline range for conspiracy to possess with intent to distribute more than five kilograms of cocaine, which carries a statutory maximum of life imprisonment. 21 U.S.C. §841(b)(1)(A) (2002). Sanchez makes the unsupported assertion that he actually pled guilty to conspiracy to possess with intent to distribute "50 grams or more" of cocaine, and that the District Court violated <u>Apprendi</u> by finding that he had conspired to possess "almost 500 kilograms" of cocaine. However, the indictment clearly states that he was charged with conspiracy to possess with intent to distribute "more than *five kilograms* of cocaine." The drug amount, type, and statutory maximum of life imprisonment were all confirmed several times during the plea hearing. Furthermore, even assuming *arguendo* that Sanchez had pled guilty to possession of 50 grams or more of cocaine, his 210 month sentence is still below the statutory maximum of 20 years imprisonment. §841(b)(1)(C).

dismiss the appeal.

_____

TO THE CLERK OF COURT:

Please file the foregoing opinion.

/s/Marjorie O. Rendell
Circuit Judge